UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

KARA WULF,

Plaintiff,

v.

Case No. 25-cv-0275-bhl

FRANK BISIGNANO,
Commissioner of the Social Security Administration,

Defendant.

---

**ORDER GRANTING ATTORNEY'S FEES PURSUANT TO 42 U.S.C. §406(b)**

---

Plaintiff Kara Wulf's counsel, Dana W. Duncan, Duncan Disability Law, S.C., has filed a motion for the award of attorney's fees pursuant to 42 U.S.C. §406(b) to be paid out of past-due benefits due Plaintiff in the amount of $3,726.48. (ECF No. 14.) The Commissioner's counsel did not file a response to Plaintiff's motion. For the following reasons, Plaintiff's motion is granted.

**BACKGROUND**

The Court entered judgment on this matter on May 14, 2025, remanding the case under sentence four of 42 U.S.C. §405(g).[1] (ECF No. 11.) The case was then subject to further administrative proceedings. (ECF No. 15 at 1.) On March 30, 2026, a new decision was issued awarding supplemental security income back to October 15, 2021, the alleged onset date. (*Id.*)

On May 22, 2026, the Commissioner issued a notice informing Plaintiff of past due benefits of $18,870.82. (ECF No. 14-2.) According to the fee agreement between counsel and Plaintiff, Plaintiff agreed to pay to counsel 25% of past-due benefits awarded. (ECF No. 14-1.) Counsel was previously awarded $991.23 for attorney's fees and expenses under the Equal Access to Justice Act (EAJA). (ECF No. 13.) Counsel seeks this Court's approval of fees as follows:

---

[1]Sentence Four provides that a court may reverse the agency's final decision with a remand for a rehearing and that a court shall have the power to enter "a judgment affirming, modifying, or reversing the decision of the Commissioner, with or without remanding the cause for a rehearing."

$4,717.71 (25% of the disability insurance benefit award) - $991.23 (EAJA fees awarded) = $3,726.48. (ECF No. 15 at 2.)

**ANALYSIS**

Section 206(b) of the Social Security Act, codified at 42 U.S.C. §406(b), governs the award of attorney's fees under Title II of the Act and limits them to twenty-five percent of past-due benefits. The relevant part of the section provides: "Whenever a court renders a judgment favorable to a claimant . . . who was represented before the court by an attorney, the court may determine and allow . . . a *reasonable* fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . . ." 42 U.S.C. §406(b)(1)(A) (emphasis added). Where the claimant and attorney enter into a contingency fee arrangement, the Court may award a fee "up to that provided in the contract so long as the court has reviewed its reasonableness." *McGuire v. Sullivan*, 873 F.2d 974, 980–81 (7th Cir. 1989) (citation omitted).

In *Gisbrecht v. Barnhart*, 535 U.S. 789, 793, 800 (2002), the U.S. Supreme Court observed that the contingency fee contract is "the most common fee arrangement between attorneys and Social Security claimants" and concluded that Section 406(b) compels the district courts to accept the "primacy" of such fee agreements. In *Arnold v. O'Malley*, the Seventh Circuit stated:

> [A] district court must begin with the contingency award as its polestar and consider whether that amount should be reduced because it is unwarranted based on relevant factors, such as the claimant's satisfaction with their attorney's representation, the attorney's expertise and efforts expended, whether the attorney engaged in any undue delay or overreaching, the uncertainty of recovery and risks of an adverse outcome, and how the effective hourly rate compares to others in the field and jurisdiction.

106 F.4th 595, 601 (7th Cir. 2024).

In this case, counsel litigated Plaintiff's claims through this Court and ultimately obtained benefits for his client dating back to October 15, 2021. The benefit to Plaintiff was significant with $18,870.82 awarded for past-due benefits. Counsel obtained a favorable result for his client through his efforts and expertise and there is no indication that counsel was responsible for any delay or needless briefing. The total attorney time was 2.60 hours and total paralegal time was 4.10 hours. (ECF No. 14-3.) The effective rate for this case equates to $1,814.50 per attorney hour. This is not unreasonable given awards in other cases in this circuit, the results achieved, the

contingent nature of the case, and the use of an experienced paralegal (4.10 hours) paid by counsel as staff compensation. *See, e.g., Kristopher B. v. Bisignano*, No. 1:23-cv-01625-MJD-MPB, 2025 WL 2258637, at *2 (S.D. Ind. Aug. 7, 2025) (finding an hourly rate of $1,512.27 regarding a Section 406(b) fee reasonable under *Gisbrecht* and other courts within the Seventh Circuit) (collecting cases); *Kirby v. Berryhill*, No. 14-cv-5936, 2017 WL 5891059, at *2 (N.D. Ill Nov. 29, 2017) (awarding attorney's fees equating to an effective rate of $1,612.28 per hour).

In *Hill v. Commissioner of Social Security,* the court, in making its award noted that counsel contended that he "incurred a substantial risk of loss in taking [the] case [as] . . . statistics indicat[e] that Social Security claimants who go to court ultimately prevail only about 35% of the time." No. 1:11-cv-00134-SLC, 2016 WL 2643360, at *3 (N.D. Ind. May 10, 2016) (*citing Gisbrecht*, 535 U.S. at 804–07 (explaining the contingent nature of a fee under §406(b)); s*ee also Hussar-Nelson v. Barnhart*, No. 99-C-0987, 2002 WL 31664488, at *3 (N.D. Ill. Nov. 22, 2002) ("[T]here is a great risk of loss in social security disability appeals at the district court level because a substantial evidence standard of review governs rather than a *de novo* standard . . . [and] because there are no settlements.").

Under 42 U.S.C. §406(b), the total fee for the federal court representation in a social security case may not exceed twenty five percent of the total of the past-due benefits to which the claimant is entitled by reason of the judgment. The fee requested in this case does not exceed 25% of the past-due benefits payable to Plaintiff. Counsel has more than twenty-five years of experience in social security administration law and is a knowledgeable and skilled advocate for his clients. As previously noted, counsel utilized the services of a paralegal totaling 4.10 hours, which counsel paid as staff compensation. (ECF No. 15 at 3.) Given the contingency nature of the fee requested and the results, $4,717.71 (25% of the disability insurance benefit award) is reasonable and does not result in a windfall for counsel. The Court having reviewed the requested fees for reasonableness will grant the motion.

Plaintiff's counsel asks the Court to subtract (or "net") EAJA fees, such that the Section 406(b) amount awarded would be $3,726.48, representing the difference between the full 406(b) amount requested ($4,717.71) and the amount of EAJA fees already received ($991.23). (ECF No. 14.) The Commissioner has not taken a position on Plaintiff's fee request. The Court will therefore award the netted amount.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Verified Motion in Support for Authorization of Attorney's Fees Pursuant to 42 U.S.C. §406(b), ECF No. 14, is **GRANTED** as the Court finds attorney's fees in the total amount of $4,717.71 to be reasonable.

**IT IS FURTHER ORDERED** that Attorney Dana W. Duncan, Duncan Disability Law, S.C. is awarded attorney's fees in the netted amount of **$3,726.48** ($4,717.71 (25% of the disability insurance benefit awarded) - $991.23 (EAJA fees awarded) = $3,726.48)).

Dated at Milwaukee, Wisconsin on October 16, 2026.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge